UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE A. SU, Acting Secretary of Labor, | ) | CASE NO. 4:24-cv-709 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| THE COLD METAL PRODUCTS, INC. | ) | |
| THRIFT PLAN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of plaintiff Acting Secretary of Labor Julie A. Su (the "Secretary") for default judgment against defendants Cold Metal Products, Inc. Thrift Plan and Cold Metal Products, Inc. 401(K) Plan for Hourly Employees (collectively, the "Plans"), pursuant to Federal Rule of Civil Procedure 55(b). (Doc. No. 10 (Motion).) The Secretary's complaint alleges violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). (Doc. No. 1 (Complaint) ¶¶ 24–26.) Specifically, the Secretary alleges that the Plans are operating without named fiduciaries, in violation of 29 U.S.C. § 1102(a)(1), and without their assets being held in trust by a trustee, in violation of 29 U.S.C. § 1103(a). (*Id.*) For the reasons that follow, default judgment is GRANTED in favor of the Secretary and against the Plans.

**I. BACKGROUND**

Cold Metal Products, Inc. (the "Company") was a New York corporation, and its principal office was located in Youngstown, Ohio. (*Id.* ¶ 7.) The Company sponsored two employee benefit plans—the Plans. (*Id.* ¶¶ 4–6.) In August 2002, the Company filed for bankruptcy protection, ceased operations in April 2003, and was dissolved in 2012. (*Id.* ¶¶ 11, 16.) The Company,

however, never terminated the Plans. (*Id.* ¶¶ 12, 19.) Despite containing significant assets (*id.* ¶¶ 22–23), those assets cannot be distributed to participants in the Plans because the Plans lack an active fiduciary. (*Id.* ¶ 21.)

On April 18, 2024, the Secretary, under 29 U.S.C. § 1132(a)(5), brought this enforcement action against the Plans. (*See generally id.*) The Secretary alleges that the Plans violate 29 U.S.C. § 1102(a)(1) by existing without a named fiduciary, and 29 U.S.C. § 1103(a) because their assets are not being held in trust. (*Id.* ¶ 26.) The Plans waived service of process. (Doc. Nos. 4, 5.) When the Plans failed to respond to the complaint, the Secretary applied for an entry of default under Federal Rule of Civil Procedure 55(a). (Doc. No. 7.) On July 1, 2024, the clerk entered default against the Plans and mailed a copy of the entry to the Plans. (Doc. No. 8.) To date, the Plans have not sought to set aside the default, nor have they responded in any way. On September 4, 2024, the Court issued an order directing the Secretary to file a motion for default judgment (Doc. No. 9), which the Secretary filed on September 10, 2024. (Doc. No. 10.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default and default judgment. Here, default has been entered against the Plans pursuant to Rule 55(a). (Doc. No. 8.) After default is entered, the Court may enter default judgment with or without a hearing. *See* Fed. R. Civ. P. 55(b)(2). In this case, the Court has examined the record before it, including the Secretary's submissions in support of the motion for default judgment. The Court concludes that a hearing is not necessary to rule upon the motion.

The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when

defendant is technically in default and that fact has been noted under Rule 55(a)." (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (3d ed. 1998)). Thus, the Plans' default does not automatically entitle the Secretary to relief. *Id.*

Once default is entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). Even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to the plaintiff's claims. *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008); *Kwik-Sew Pattern Co., Inc. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) ("[A] court may not enter default judgment upon a legally insufficient claim." (citation omitted)).

## III. DISCUSSION

Accepting the factual allegations of the complaint as true, the Court finds that the Secretary has sufficiently stated claims under ERISA and is entitled to relief.

### A. Liability Under ERISA

ERISA "establish[es] standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and . . . provid[es] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Two of those obligations are relevant here. First, every employee benefit plan, by written instrument, must "provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1). Second, subject to certain exceptions that are not relevant here, "all assets of an employee benefit plan shall be held in trust by one or more

3

trustees." 29 U.S.C. § 1103(a). A fiduciary who "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries" can be "subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109(a).

Here, the Plans are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and are therefore subject to the obligations of ERISA. *See* 29 U.S.C. § 1101(a). The Company was the named fiduciary of the Plans. (Doc. No. 1 ¶ 7.) Since the Company ceased operations in 2003, however, there has been no active fiduciary acting on behalf of the Plans, nor has there been an active trustee of the Plans' assets. (*Id.* ¶¶ 22–23; Doc. No. 10-2 (Declaration in Support of Default Judgment) ¶ 4.) For example, Robert Freeburg (a previous Plan Administrator) and Raymond Torok (the Company's former President and CEO) both deny any current fiduciary responsibility for the Plans. (Doc. No. 1 ¶¶ 14–15.) Because of the absence of an active fiduciary or trustee, there has been no significant activity on the accounts since 2003 despite the Plans' considerable assets. (*Id.* ¶¶ 13, 22–23.) There have not been any distributions of assets to plan participants (*id.* ¶¶ 19–21), nor have the Plans submitted the required regulatory filings with the Secretary since 2002. (*Id.* ¶ 18.) Accepting the factual allegations of the complaint as true, as the Court is required to do, the Secretary has sufficiently alleged that the Plans have run afoul of ERISA, 29 U.S.C. §§ 1102(a)(1) and 1103(a), by failing to appoint an active fiduciary and trustee. *See, e.g.*, *Su v. Marlton Pike Precision, LLC 401(K) and Profit-Sharing Plan*, No. 23-2972, 2024 WL 489542, at *4–5 (D.N.J. Feb. 8, 2024) (finding ERISA violation where the fiduciary "fail[ed] to hold assets of a covered employee benefit plan in trust by abandoning the plan"); *Solis v. Innovative Steel Sys., Inc.*, No. S-12-276, 2012 WL 1552791, at *3 (E.D. Cal. Apr. 27, 2012) (finding ERISA violation where the defendant "abandoned its responsibilities as fiduciary to the Plan and failed to take the necessary steps to terminate the Plan and distribute the assets, or appoint a new fiduciary").

### B. Relief Sought

To remediate the Plans' violations, the Secretary requests that the Company be removed as fiduciary (to whatever extent it still serves in that role) and that AMI Benefit Plan Administrators, Inc. ("AMI") be appointed independent fiduciary in its place. (Doc. No. 1, at Prayer for Relief; Doc. No. 10, at 2.)[1] ERISA allows the Secretary to bring an action "to enjoin any act or practice which violates any provision of this subchapter[.]" 29 U.S.C. § 1132(a)(5); *Helfrich v. PNC Bank, Kentucky, Inc.*, 267 F.3d 477, 481 (6th Cir. 2001) ("Acting on behalf of a benefit plan, the Secretary of Labor and the plan administrator are entitled to seek the full gamut of legal and equitable relief."). Relevant here, the Secretary may seek the removal of a fiduciary that "breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter[.]" 29 U.S.C. § 1109(a). In cases where employee benefit plans have been abandoned after a company is shuttered, courts have found replacing an absent fiduciary with an independent fiduciary to be proper. *See, e.g.*, *Su v. Infinisys Inc.*, No. 23-cv-776, 2023 WL 6517445, at *1–3 (D. Ariz. Oct. 5, 2023); *Perez v. Am. Health Care, Inc. 401(k) Plan*, No. 2:15-377, 2015 WL 5682446, at *2 (D.N.J. Sept. 25, 2015); *Perez v. Railpower Hybrid Techs. Corp.*, No. 2:13-cv-134, 2013 WL 6048984, at *2–3 (W.D. Pa. Nov. 15, 2013); *Innovative Steel Sys.*, 2012 WL 1552791, at *5; *Solis v. Vigilance, Inc.*, No. 8-5083, 2009 WL 2031767, *3–4 (N.D. Cal. July 9, 2009); *Chao v. Emp. Res. Mgmt., Inc.*, No. 6-12503, 2007 WL 4245390, at *2–3 (E.D. Mich. Nov. 29, 2007). Because the Secretary has adequately alleged that the Plans have violated ERISA by existing without an active fiduciary and trustee, the Court orders the appointment of an independent fiduciary.[2]

---

[1] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

[2] Although the complaint alleges that the Plans are operating without an active fiduciary and trustee, only the

## IV. CONCLUSION

For the reasons set forth above, default judgment is GRANTED in favor of Acting Secretary of Labor Julie A. Su and against defendants Cold Metal Products Inc. Thrift Plan and Cold Metal Products, Inc. 401(K) Retirement Plan for Hourly Employees. Cold Metal Products, Inc., is removed as fiduciary to the Plans and AMI Benefit Plan Administrators, Inc. ("AMI") is appointed as the independent fiduciary for the Plans to administer their termination. AMI shall have the powers, duties, and responsibilities described in the Court's contemporaneous judgment entry. This case is closed.

**IT IS SO ORDERED**.

Dated: September 20, 2024

_____
**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

appointment of a replacement independent fiduciary is requested. (*See* Doc. No. 1, at Prayer for Relief; Doc. No. 10-3, at 2–3.) The Court notes that, to the extent the appointment of a trustee is necessary to terminate the Plans, AMI is empowered to designate a trustee. *See* 29 U.S.C. § 1103(a) ("[A] trustee or trustees shall be either named in the trust instrument or in the plan instrument described in section 1102(a) of this title *or appointed by a person who is a named fiduciary*." (emphasis added)).